# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § CASE NUMBER 1:01-CR-00064 |
| v. | § |
| | § |
| | § |
| TROY DALE WILSON | § |
| | § |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed July 28, 2016, alleging that the Defendant, Troy Dale Wilson, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Wilson was sentenced on May 29, 2002, before the Honorable Howell Cobb of the Eastern District of Texas after being found guilty of the offense of Unlawful Possession of a Firearm by a Convicted Felon, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of VI, was 235 to 293 months. Wilson was subsequently sentenced to 235 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include: not commit any offenses

against a foreign state or nation; drug testing and treatment; mental health treatment; and $100 special assessment.

Wilson's case was reassigned to the Honorable Ron Clark, Chief U.S. District Judge for the Eastern District of Texas. On May 27, 2010, Wilson's imprisonment sentence was reduced to 168 months, followed by 5 years supervised release. On September 8, 2011, Wilson's imprisonment sentence was reduced to 159 months, followed by 5 years supervised release. On March 14, 2013, Wilson completed his period of imprisonment and began service of the supervision term.

On August 26, 2013, Wilson's conditions of supervised release were modified by the Court, as follows:

> The defendant shall reside at his mother and stepfather, Terri and Randy Stuart's residence located at 201 Garrison Street, Zavalla, Texas 75980, in Angelina County, TX, for no longer than 180 days, or otherwise instructed by the U.S. Probation Office.
>
> The offender will have no contact with Tonia Porter in person, in writing, by electronic device, by telephone, or by third person, without prior permission of the U.S. Probation Officer.

On August 27, 2013, a Petition for Warrant was filed by the U.S. Probation Office. On September 4, 2013, the Petition for Revocation was dismissed at the recommendation of the U.S. Probation Office because Wilson signed an agreement to enter substance abuse treatment and successfully complete a placement in a community corrections center.

On September 10, 2013, Wilson's conditions of supervised release were modified by the Court, as follows:

> The defendant is to enter and successfully complete an inpatient or intensive outpatient drug treatment program, approved by the U.S. Probation Office, until successfully discharged from the program director or otherwise instructed by the U.S. Probation Office. Once successfully discharged:

> The defendant shall reside in and participate in the community corrections component of a Community Corrections Center, as instructed, until successfully discharged by the center director, but no longer than 180 days from admission. You shall abide by all rules and regulations of the center and be required to pay subsistence.

On November 6, 2013, due to Wilson's successful completion of drug treatment and other progress, his conditions of supervised release were modified by the Court. His condition requiring him to participate in a Community Corrections Center was removed and instead he was placed on home detention for a period not to exceed 180 days.

On April 7, 2015, Mr. Wilson's conditions of supervised release were modified by the Court, as follows:

> The defendant shall abstain from alcohol.

## II. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising six allegations. The petition alleges that Wilson violated the following conditions of release:

> Allegation 1. The Defendant shall not commit another federal, state, or local crime.
>
> Allegation 2. The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
>
> Allegation 3. The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.
>
> Allegation 4. The Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so.
>
> Allegation 5. The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

Allegation 6. The Defendant shall abstain from alcohol.

## III. Proceedings

On August 10, 2016, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the fifth allegation that that he was involved in a verbal altercation to which the police responded, but that he failed to report his interaction with the police department.

## IV. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class A felony, therefore, the maximum imprisonment sentence is 5 years.

Violation Guideline Provisions

According to U.S.S.G. § 7B1.1(a) [1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to notify the probation officer within seventy-two hours of being arrested or questioned by law enforcement officer, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the policy statement imprisonment range is eight (8) to fourteen (14) months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

General Guideline Provisions

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. See U.S.S.G. Ch. 7 Pt. A; United States v. Price, 519 F. App'x 560, 562 ( 11th Cir. 2013).

community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## V. Application

The Defendant pled "true" to the petition's fifth allegation that he violated a special condition of release that he is required to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. §§ 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is eight (8) to fourteen (14) months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of eight (8) months, with no supervised release to follow.

## VI. Recommendations

The court should find that the Defendant violated the fifth allegation in the petition that he violated a special condition of release requiring that he shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of imprisonment of eight (8) months, with no supervised release to follow. The Defendant's request to serve his term of

imprisonment at the Federal Correctional Institute in Bastrop, Texas should be accommodated, if possible.

### VII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of August, 2016.

_____
Zack Hawthorn
United States Magistrate Judge